```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/9/2021
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X

WIAV SOLUTIONS INC.,

                         Plaintiff,                      **19-CV-4978 (PGG) (KHP)**

        -against-                           **OPINION AND ORDER ON**
                                                           **MOTION TO SEAL**

HTC CORPORATION,

                        Defendant.

------------------------------------------------------------------X

**KATHARINE H. PARKER, United States Magistrate Judge:**

        Before the Court is Defendant HTC Corporation's ("Defendant" or "HTC") motion to redact and seal documents filed in connection with HTC's motion for summary judgment. (ECF No. 89.) The party seeking redaction in each instance bears the burden of justifying the proposed redactions. That said, Plaintiff Wiav Solutions, Inc. ("Plaintiff" or "Wiav") does not oppose the motion and, indeed, filed a letter of its own to further explain why one of the documents submitted to the Court, the "Wiav-Mindspeed Agreement," should be sealed. On August 10, 2020 this Court granted HTC's first motion to seal limited portions of other agreements between HTC and multiple third parties filed in conjunction with HTC's Answer to the Complaint. (*See* ECF No. 51.) Now, HTC seeks the redaction and sealing of additional agreements that have been highlighted in discovery as potentially relevant to the parties' cross motions for summary judgment. The Court has reviewed the parties' submissions in support of their redaction requests (ECF Nos. 89-96) and the agreements themselves.

As the parties recognize in their submissions, the public has a "general right to inspect and copy public records and documents including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).  The weight given to the presumption of public access is determined by "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts."  *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995).  Once determined, the weight of the presumption is balanced against the "danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure," among other factors.  *Lugosch v. Pyramid Co.*, 435 F.3d 110, 120 (2d Cir. 2006) (quoting *Amodeo*, 71 F.3d at 1049) (internal quotation marks omitted).

In addition to this common law right of access, the public has an even stronger First Amendment right of access to judicial documents.  *United States v. Erie County*, 763 F.3d 235, 239 (2d Cir. 2014).  In order to determine whether the First Amendment right of access attaches, the Court must consider: "(a) whether the documents 'have historically been open to the press and general public' (experience) and (b) whether 'public access plays a significant positive role in the functioning of the particular process in question' (logic)."  *Id.* (quoting *Lugosch*, 435 F.3d at 120).  If the First Amendment right of access attaches, documents "may be sealed only if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest."  *Erie*, 763 F.3d at 239 (internal alteration omitted).

"[D]ocuments submitted to a court for its consideration in a summary judgment motion are – as a matter of law – judicial documents to which a strong presumption of access attaches, under both the common law and the First Amendment." *Lugosch*, 435 F.3d at 121. That strong presumption must be balanced against the competing considerations against it, such as law enforcement privilege and privacy. *Id.* at 120. Indeed, the privacy interests of "innocent third parties . . . should weigh heavily in a court's balancing equation." *S.E.C. v. TheStreet.Com*, 273 F.3d 222, 232 (2d Cir. 2001) (citation omitted). However, the fact that a third party's privacy interests are at stake does not obviate the need for the proposed redactions to be narrowly tailored to protect those interests.

In the instant case, the agreements/documents at issue were submitted in connection with the HTC's 56.1 Statement in support of its motion for summary judgment. (*See* ECF Nos. 99-100.) Therefore, they are judicial documents entitled to a strong presumption of access. HTC nonetheless argues that redactions are warranted because the third-party agreements allegedly contain commercially sensitive, highly proprietary, and confidential business information that, if disclosed, would result in competitive harm to HTC and the third-party signatories.

As an initial mater, the facts necessary to establish good cause for applying a protective order to discovery documents under Rule 26 do not necessarily meet the "higher threshold imposed by the First Amendment with respect to judicial documents." *Newsday LLC v. County of Nassau*, 730 F.3d 156, 166 (2d Cir. 2013) (collecting cases). Thus, the fact that the

agreements here were designated for Attorneys' Eyes Only protection under the applicable protective order does not satisfy HTC's burden for redaction and/or sealing.

Furthermore, the proposed redactions and relevant briefing indicate that HTC's primary concern is to redact information related to royalty and other compensation arrangements with third parties as well as other confidential business information such as certain covenants and warranties. That said, while these terms may be worthy of redaction, the parties' proposed redactions are not narrowly tailored to protect the privacy interests invoked by these terms. The Court notes that the agreements at issue here are heavily redacted, and HTC admits that the only portions of the agreements left unredacted were those the parties' agreed were directly related to the parties' cross motions. While the Court generally agrees that financial information and pricing data in commercial transactions are sensitive and certainly warrant redaction, the proposed redactions go well beyond this sort of information. Indeed, the very redaction criteria the parties implemented (*i.e.*, what the parties felt were relevant to their cross motions for summary judgment) is evidence that the proposed redactions are not narrowly tailored to protect the privacy interests at issue. As the Second Circuit has explained, "[i]f the rationale behind access is to allow the public an opportunity to assess the correctness of the judge's decision . . . documents that the judge *should* have considered or relied upon, but did not, are just as deserving of disclosure as those that actually entered into the judge's decision." *See Lugosch*, 435 F.3d at 123. Thus, given the strong presumption of access attached to summary judgment materials, the limiting factor to be applied to the redactions in

this case is the privacy interests that must be protected; blanket redactions of all information the parties deemed irrelevant to the Court's decision are inappropriate.

Nonetheless, based on the parties' submissions and the supplemental letters filed by the interested third-party entities, the Court is satisfied that there are serious privacy interests at stake in this case. Accordingly, the Court agrees that matters such as (1) the scope of the licenses conveyed in the agreements, (2) the assets licensed, and (3) the consideration given for those rights are worthy of protection. However, as explained above, the proposed redactions are not *narrowly* tailored to that information.

By way of example, there is no reason for the parties to redact paragraph 3.4 of the NTT Docomo agreement, which provides, in part, that "[n]othing in this Agreement . . . shall be construed as releasing, acquitting, discharging or otherwise limiting any Defenses to any [infringement] Claims that could be brought after the Effective Date of this Agreement, if any." Similarly, there is no legitimate need to redact a sentence in the Wiav-Mindspeed Agreement that mentions the fact that "Wiav filed a civil action against Mindspeed in the United States District Court for the Central District of California . . ." Information about such a lawsuit is publicly available and, of course, need not be redacted in order to preserve either Wiav's or Mindspeed's privacy interests. In sum, redacting this sort of information – or any information that does not invoke the legitimate privacy interests of the interested parties – is improper.

Finally, the fact that the Court previously permitted broader redactions for agreements submitted in conjunction with HTC's Verified Answer does not necessarily permit the proposed

5

redactions linked to the instant motion. *See, e.g.*, *Hanks v. Voya Ret. Ins. & Annuity Co.*, No. 16-cv-6399 (PKC), 2020 U.S. Dist. LEXIS 180622, at *8 (S.D.N.Y. Sept. 30, 2020).

Accordingly, the Court hereby directs the parties to resubmit proposed redactions for *all* agreements submitted in connection with the parties' cross motions for summary judgment. The Court will review these revised redaction requests and will rule on them in due course. The parties should take care to only submit proposed redactions narrowly tailored to protect the privacy interests of the parties to the agreements in question.

## CONCLUSION

For the reasons stated above, HTC has satisfied its burdens to demonstrate that the parties' privacy interests and the potential competitive harm that would result from disclosure outweigh the strong presumption of public access to the agreements/documents at issue. However, the proposed redactions are not narrowly tailored to protect those interests. Accordingly, HTC's motion to redact and seal certain portions of the agreements (ECF No. 89,) is GRANTED but only with respect to the narrow category of information described herein and is otherwise DENIED. By **March 23, 2021** the parties must submit revised proposed redactions in accordance with the guidance provided above.

**SO ORDERED.**

DATED:   New York, New York
         March 9, 2021

_Katharine H Parker_
_____
KATHARINE H. PARKER
United States Magistrate Judge